# United States Tax Court

T.C. Summary Opinion 2023-11

CHALAUNDRA EDJEWEL SNEED,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 1468-20S.                    Filed March 29, 2023.

————

Chalaundra Edjewel Sneed, pro se.

*Vassiliki Economides Farrior*, for respondent.

## SUMMARY OPINION

PARIS, *Judge*:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the Petition was filed.[1] Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case. Further, this case was submitted to the Court fully stipulated for a decision without trial pursuant to Rule 122.

By statutory notice of deficiency dated October 21, 2019, respondent determined a deficiency of $7,104 in petitioner's 2018 federal income tax and a section 6662(a) accuracy-related penalty of $1,420.80.

———

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[2] the issue for decision is whether petitioner is required to repay advance premium tax credit (APTC) payments totaling $6,874.50 for 2018.

*Background*

Petitioner resided in Oklahoma when she timely filed the Petition.

On May 15, 2018, petitioner enrolled in health insurance for 2018 through the Oklahoma insurance Marketplace[3] for herself and her two dependents for the remainder of tax year 2018. Petitioner's monthly premium for health insurance coverage for herself and her two dependents was $1,145.75 per month. On the basis of the information petitioner provided in her application, she received a monthly APTC of $1,145.75 to cover the cost of the monthly premium; this amount was paid directly to the insurance company on behalf of petitioner for the months of July through December 2018. In total, APTC totaling $6,874.50 was paid on behalf of petitioner during tax year 2018.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2018. She claimed herself and two dependents as personal exemptions. She reported wage income of $60,546, taxable interest of $20, taxable retirement distributions totaling $47,853, and additional income of $5,302. She reported adjusted gross income of $113,721.

Petitioner did not attach a copy of Form 8962, Premium Tax Credit (PTC), to her 2018 income tax return. She later separately mailed a Form 8962, on which she reported modified adjusted gross income (MAGI) of $113,721.

In the notice of deficiency, respondent determined that petitioner was ineligible for the PTC because her MAGI for 2018, $113,721, exceeded 400% of the federal poverty line amount for her family size. Petitioner timely petitioned this Court for redetermination.

---

[2] In the notice of deficiency, respondent disallowed petitioner's premium tax credit (PTC) and determined an early withdrawal penalty on petitioner's IRA distributions. Respondent concedes the early withdrawal penalty and further concedes the accuracy-related penalty.

[3] A health insurance Marketplace, also known as an Exchange, is a state or federally run program where taxpayers can purchase health insurance. *Internal Revenue Manual* (IRM) 21.6.3.4.2.12.1(1) (Oct. 1, 2016).

*Discussion*

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving the determination is in error. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).[4] The fact that a case has been submitted under Rule 122 "does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." Rule 122(b); *see also Novoselsky v. Commissioner*, T.C. Memo. 2020-68, at *13.

In 2010 the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010), became law. ACA § 1401(a), 124 Stat. at 213, enacted section 36B, which allows a refundable tax credit, known as the PTC.[5] The PTC assists eligible taxpayers with the costs of their premiums for health insurance purchased through an Exchange. *See* § 36B.

A taxpayer generally qualifies for the PTC if she has household income that is equal to an amount that is at least 100%, but not greater than 400%, of the federal poverty line amount for the taxpayer's family size for the taxable year. § 36B(c)(1)(A); Treas. Reg. § 1.36B-2(b)(1). The federal poverty line amount is established by the most recently published poverty guidelines in effect on the first day of the open enrollment period preceding that taxable year. § 36B(d)(3); Treas. Reg. § 1.36B-1(h). For taxable year 2018, 100% of the federal poverty line for a family size of three in the continental United States was $20,420 and 400% was $81,680.[6]

Household income is defined as the MAGI of the taxpayer plus the MAGI of family members (1) for whom the taxpayer properly claims

---

[4] Pursuant to section 7491(a), the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issues relevant to ascertaining the taxpayer's tax liability. The Court concludes that section 7491(a) does not apply because petitioner has not produced any evidence that she has satisfied the preconditions for its application.

[5] The PTC is available for tax years ending after December 31, 2013. *See* ACA § 1401(e), 124 Stat. at 220.

[6] The federal poverty guidelines are revised at least annually and are released by the Department of Health and Human Services. 42 U.S.C. § 9902(2), (4). The applicable federal poverty guidelines are provided in the instructions for Form 8962 and additionally can be found at https://www.federalregister.gov/documents/2018/01/18/2018-00814/annual-update-of-the-hhs-poverty-guidelines.

deductions for personal exemptions and (2) who were required under section 1 to file a federal income tax return. § 36B(d); Treas. Reg. § 1.36B-1(d) and (e)(1).

ACA § 1412, 124 Stat. at 231, allows the Secretary to authorize advance payments of the PTC, known as the APTC, on behalf of qualifying taxpayers. In such circumstances, a taxpayer elects to have the Bureau of Fiscal Services pay the APTC directly to her insurance carrier to help cover the cost of insurance premiums during the year. IRM 21.6.3.4.2.12(7) (Oct. 1, 2018). The amount of the payment is based upon the Exchange's estimate of the PTC which the taxpayer may be entitled to claim on her return. The APTC may cover some or all of the taxpayer's monthly premiums for a health insurance plan. ACA § 1412(a), 124 Stat. at 231–33.

When preparing her income tax return, a taxpayer who has received the APTC is required to reconcile the APTC payments made during the year with the amount of the PTC for which she is actually eligible. If the total APTC payments exceed the amount of the PTC for which she is eligible, she owes the excess as a tax liability, subject to a repayment limitation in section 36B(f)(2)(B). ACA § 1401(a), 124 Stat. at 219; § 36B(f)(2)(A); Treas. Reg. § 1.36B-4(a)(1). This repayment limitation applies only to taxpayers whose household income is less than 400% of the federal poverty line amount.[7] § 36B(f)(2)(B)(i); Treas. Reg. § 1.36B-4(a)(3).

Petitioner, who has a household size of three persons, reported MAGI of $113,721; this amount is greater than $81,680, 400% of the federal poverty line amount applicable for the year at issue. *See* §§ 1, 36B(c)(1)(A), (d); Treas. Reg. § 1.36B-1(d), (e), (h). Because petitioner's household income for her family size is greater than 400% of the federal poverty line amount, she does not qualify for the PTC. *See* § 36B(a), (c)(1)(A); Treas. Reg. § 1.36B-2(a) and (b)(1). Since petitioner does not qualify for the PTC, she owes the APTC payments of $6,874.50 made on her behalf as a tax liability. *See* § 36B(f)(1) and (2); Treas. Reg. § 1.36B-

---

[7] The repayment limitation provides that the amount to be repaid is limited to the following amounts on the basis of household income (expressed as a percentage of the poverty line amount): (1) $600 if household income is less than 200%; (2) $1,500 if household income is at least 200% but less than 300%; and (3) $2,500 if household income is at least 300% but less than 400%. These dollar amounts are reduced by one-half in the case of unmarried individuals whose tax is determined under section 1(c). The section also provides that these amounts are indexed. § 36B(f)(2)(B); *see also* Treas. Reg. § 1.36B-4(a)(3).

4(a)(1). Petitioner is not subject to the repayment limitation because her household income is greater than 400% of the federal poverty line amount. *See* § 36B(f)(2)(B)(i); Treas. Reg. § 1.36B-4(a)(3).

Petitioner does not appear to dispute respondent's determination on technical grounds but instead seeks a collection alternative because of financial hardship. In this proceeding to redetermine a deficiency under section 6213(a), the collectibility of the tax liability is not at issue before the Court. The Court notes, however, that the Oklahoma Marketplace informed petitioner that she was eligible for the APTC for 2018 because of an apparent misunderstanding of the application instructions on her part. The Court is not unsympathetic to petitioner's plight. Nevertheless, the Court is bound by the statute as written and the accompanying regulations when consistent therewith. *Michaels v. Commissioner*, 87 T.C. 1412, 1417 (1986); *Brissett v. Commissioner*, T.C. Memo. 2003-310, 2003 WL 22520105, at *3. The simple facts are that petitioner's MAGI exceeded eligibility levels and that she must repay the APTC payments made on her behalf. Accordingly, the Court sustains respondent's determination.

The Court has considered all of the parties' arguments, and, to the extent not addressed herein, they are considered moot, irrelevant, or otherwise without merit.

To reflect the foregoing,

*Decision will be entered under Rule 155.*